UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                        Plaintiff,

v.

HECTOR SANTANA, MANUEL ANTONIO
SOTO, CHRISTOPHER ESPINOZA, and
JUAN RAMON RESPARDO-RAMIREZ,

                        Defendants.
_____/

Case Number 10-20635
Honorable David M. Lawson

## ORDER DENYING SUPPLEMENTAL MOTION TO SUPPRESS CO-CONSPIRATOR STATEMENTS

On April 19, 2013, defendant Espinoza made an oral motion to exclude certain statements by alleged co-conspirators, in which the remaining defendants joined. After an offer of proof from the government, the Court made a conditional finding of admissibility and denied the defendants' motion. *See United States v. Enright*, 578 F.2d 980, 985 (6th Cir. 1978); *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979). The Court stated that it would determine admissibility at the conclusion of trial and that defendant Espinoza could renew his motion, move for a judgment of acquittal under Federal Rule of Criminal Procedure 29, or seek a declaration of mistrial at that time.

On April 21, 2013, defendant Espinoza filed a supplemental motion in support of his oral motion to prohibit co-conspirator statements. In his supplemental motion, defendant Espinoza also requests that the Court enter an order requiring the government to provide defense counsel with prior notice of its intent to introduce similar evidence through future witnesses. To the extent that the defendant requests that the Court reverse its prior ruling conditionally admitting the statements, the defendant's motion is essentially a motion for reconsideration. Motions for reconsideration may be

granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3). In his supplemental motion, the defendant raises the same arguments raised in his oral motion. Because the defendant has not demonstrated that the Court's conditional admission of the evidence was based on a palpable defect, the Court will deny the defendant's supplemental motion.

To the extent that the defendant seeks prior notice of the government's intent to seek the admission of future alleged co-conspirator statements, the defendant's motion is essentially a motion for discovery under Federal Rule of Criminal Procedure 16. The Court's scheduling order stated that such motions were due by September 24, 2012. As such, the defendant's motion is untimely and the Court will deny it.

Accordingly, it is **ORDERED** that defendant Espinoza's supplemental motion to exclude co-conspirator's statements [dkt. #426] is **DENIED**.

                                                        s/David M. Lawson  
                                                        DAVID M. LAWSON  
                                                        United States District Judge

Dated: April 22, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 22, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL