UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ESPINOZA,

               Petitioner,

v.

UNITED STATES OF AMERICA,

               Respondent.
_____/

Criminal Case Number 10-20635
Civil Case Number 16-12255
Honorable David M. Lawson

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner filed a motion under 28 U.S.C. § 2255 on June 17, 2016. On April 20, 2020, the Court issued an order granting in part and denying in part the motion because it concluded that the claims raised, except for one, were without merit.

Rule 11 of the Rules Governing Section 2255 Proceedings requires that the Court issue or deny a certificate of appealability whenever it rules against the petitioner on a motion to vacate sentence:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of

appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

First, Espinoza argued that his conviction for brandishing a firearm in furtherance of a crime of violence is invalid because kidnapping is not a valid predicate offense for that crime. The Court granted in part relief on this ground because Supreme Court caselaw handed down after the petitioner's direct appeal requires that the crime-of-violence firearm sentence be vacated.

Second, Espinoza contended that his trial attorney performed deficiently when he failed to (1) establish petitioner's minor role at trial; (2) obtain a statement from a key witness before the witness was deported; (3) file a motion for judgment of acquittal; (4) file a sentencing memorandum objecting to consecutive sentences on the two section 924(c) counts; and (5) move to sever the kidnapping offenses from the drug conspiracy offenses.

However, the record reflects that Espinoza's lawyer vehemently argued that Espinoza was not even present at the crime, let alone played a minor role. Nor could Espinoza's counsel obtain a statement from the key witness because the witness was a fugitive throughout the proceedings and remains at large to this day. And Espinoza's attorney could not have provided deficient performance for failing to file a motion for judgment on acquittal because he did exactly that — counsel argued that Espinoza played a minor role and persistently challenged the sufficiency of the evidence for Espinoza's convictions for kidnapping and brandishing a firearm at several stages of the case. Moreover, Espinoza did not suffer any harm from his counsel's failure to file a sentencing memorandum objecting to consecutive sentences on the two section 924(c) counts because the Court granted in part the petitioner's motion to vacate Count 8, eliminating the

corresponding 25-year sentence. Finally, the Sixth Circuit considered and rejected the same severance claim when Santana argued it on appeal. *See United States v. Soto*, 794 F.3d 635, 657 (6th Cir. 2015).

Third, Espinoza asserted that he is entitled to a reduction of his sentence under Amendment 794 of the sentencing guidelines, contending that he played only a minor role in the offense. But Amendment 794 does not apply retroactively, so he is not entitled to relief on those grounds. The Court therefore finds that reasonable jurists could not debate the conclusion that the petitioner's attorney did not deviate from prevailing professional norms on the grounds stated, nor the conclusion that Espinoza is not entitled to a sentence reduction under Amendment 794 of the sentencing guidelines. Therefore, the Court will deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 20, 2020